# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| STEPHANIE ROCHE, | * |
| | *    No. 20-262v |
|     Petitioner, | *    Special Master Christian J. Moran |
| | * |
| v. | * |
| | *    Filed: December 12, 2022 |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | *    Decision dismissing case; |
| | *    order to show cause. |
|     Respondent. | * |

* * * * * * * * * * * * * * * * * * * *

Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL, for petitioner;
Neil Bhargava, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

      Ms. Stephanie Roche sought compensation through the Vaccine Program. 42 U.S.C. § 300aa-10 through 34 (2012).  Ms. Roche, however, has not presented sufficient evidence to be entitled to compensation.  Because Ms. Roche has not met her burden of proof, her case is DISMISSED.

**I.    Procedural History**

      Petitioner, Ms. Stephanie Roche, while represented by attorney Mr. Jonathan Joseph Svitak, alleged a varicella vaccine she received on June 24, 2017 caused her to develop transverse myelitis as the initial presentation for multiple sclerosis ("MS").  Pet., filed Mar. 9, 2020, at 1.  Ms. Roche alleged that on October 21,

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website.  The posting of this decision will make it available to anyone with the internet.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

2017, she "developed symptoms of numbness in her feet. Over the course of the next few days, the numbness spread up her legs to her waist." Pet. ¶ 4. Ms. Roche filed medical records between the filing of her petition and July 17, 2020, when the records were deemed complete.

Respondent, the Secretary of Health and Human Services, recommended against compensation. Although respondent accepted Ms. Roche's MS diagnosis, he disputed causation, noting that neither a treating doctor nor a retained expert linked the varicella vaccination to Ms. Roche's condition. Resp't's Report, filed Oct. 26, 2022, at 8. In addition, respondent pointed out that petitioner "ha[d] not presented reliable scientific or medical evidence establishing that the time between her vaccinations and the onset of symptoms would be considered "medically acceptable to infer causation-in-fact." Id. Lastly, "the Secretary also suggested that gastrointestinal and upper respiratory illnesses in the weeks before onset could have caused Ms. Roche's neurologic problems." Order to Show Cause, issued Oct. 3, 2022, at 1. Ms. Roche was ordered to file a fact/onset affidavit as well as any other relevant affidavits. See Order, filed Sept. 11, 2020

Following a status conference on November 19, 2020 discussing respondent's report, the undersigned ordered Ms. Roche to file a status report on her efforts to retain an expert by January 4, 2021. Order, issued Nov. 19, 2022.

Ms. Roche did not file any report or materials by the January 4, 2021 deadline. However, approximately four months later, a motion for extension of time was filed by Ms. Roche, seeking until June 6, 2021 to file her expert report. Pet'r's Mot., filed May 17, 2021. This motion was granted. Order, issued May 18, 2021.

Ms. Roche then filed a second motion for extension of time, seeking an additional 60 days to file her expert report. Pet'r's Mot., filed June 22, 2021. A status conference was then held on June 29, 2021, when Ms. Roche represented that she had conferred with five experts, but none accepted the offer to serve as Ms. Roche's expert. Order, issued June 29, 2021. She was ordered to file her expert report by August 6, 2021. Id.

Although Ms. Roche filed a curriculum vitae for Dr. Justin Willer by the August 6, 2021 deadline, she did not file her expert report. The absence of an expert report led to Ms. Roche filing a third motion for extension of time, seeking another sixty days to file her report. Pet'r's Mot., filed Aug. 6 2021. The undersigned granted the motion. Order, issued Aug. 10, 2021.

Over the next nine months, Ms. Roche submitted several new motions for extension of time, each of which sought additional time to file her expert report. Pet'r's Mot., filed Oct. 6, 2021; Pet'r's Mot., filed Dec. 6, 2021; Pet'r's Mot., filed Apr. 5, 2022.

A status conference was held on May 5, 2022 to discuss Ms. Roche's progress with her expert. There, Ms. Roche stated that she declined to undergo a test that Dr. Willer had requested—specifically, a spinal tap—and as a result, Dr. Willer stated that he could not offer a favorable opinion absent the test.

Since the May 5, 2022 status conference, Ms. Roche failed to file any additional medical records or status reports detailing her efforts to proceed with prosecuting her case. An order to show cause was then issued, requiring Ms. Roche to submit a response as to why her case should not be dismissed. Order to Show Cause, issued Oct. 3, 2022. To date, Ms. Roche has not filed any response.

## II.     Analysis

To receive compensation under the National Childhood Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that she suffered a "Table Injury"— i.e., an injury falling within the Vaccine Injury Table— corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. See 42 U.S.C. § 300aa–13(a)(1)(A) and § 300aa-11(c)(1). An examination of the record did not uncover any evidence that Ms. Roche suffered a "Table Injury." Thus, Ms. Roche is necessarily pursuing a causation-in-fact claim. As part of a causation-in-fact claim, a petitioner must "show by preponderant evidence that the vaccination brought about [the] injury by providing: (1) a medical theory causally connecting the vaccination and injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of proximate temporal relationship between vaccination and injury." Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. 42 U.S.C. § 300aa–13(a)(1). In this case, because the medical records do not support petitioner's claim, a medical opinion must be offered in support.

When a petitioner (or plaintiff) fails to respond to orders, a special master may dismiss the case.  See Sapharas v. Sec'y of Health & Hum. Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Hum. Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); Vaccine Rule 21(b).

Here, Ms. Roche was ordered on several occasions to file a medical expert report to support her claim but failed to do so.  In fact, during the May 5, 2022 status conference, Ms. Roche's counsel noted that her expert could not provide a favorable opinion absent Ms. Roche undergoing additional testing.  When Ms. Roche was ordered to respond to the October 3, 2022 order to show cause by December 5, 2022 as to why her case should not be dismissed, she failed to file a response.  Consequently, Ms. Roche's case is dismissed for failure to present evidence, not as a sanction.  See Duncan v. Sec'y of Health & Hum. Servs., 153 Fed. Cl. 642 (2021) (denying motion for review of a decision for failure to present persuasive evidence).

**Accordingly, this case is dismissed for insufficient evidence.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

                                                s/Christian J. Moran
                                                Christian J. Moran
                                                Special Master